**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| **WILHELMINA REUBEN-COOKE,** | |
| **Plaintiff,** | |
| **vs.** | **No. 1:08-cv-1102 (LMB/IDD)** |
| **BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA, et al.,** | |
| **Defendants.** | |

**ANSWER OF DEFENDANTS EXAMINER.COM, JONETTA ROSE BARRAS**
**AND BILL MYERS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Examiner.com, Jonetta Rose Barras, and Bill Myers (the "Examiner defendants"), by and through undersigned counsel, hereby answer the Second Amended Complaint filed by plaintiff Wilhelmina Reuben-Cooke (the "Complaint"), as follows:

1.      The allegations contained in Paragraph 1 of the Complaint set forth prefatory matter concerning the nature of the Complaint and conclusions of law, to which no response is required.  To the extent a response is required, the Examiner defendants deny the allegations of Paragraph 1 of the Complaint.

2.      The allegations contained in Paragraph 2 of the Complaint set forth prefatory matter concerning the nature of the Complaint and conclusions of law, to which no response is required.  To the extent a response is required, the Examiner defendants deny the allegations of Paragraph 2 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint set forth prefatory matter concerning the nature of the Complaint and conclusions of law, to which no response is

required.  To the extent a response is required, the Examiner defendants deny the allegations of Paragraph 3 of the Complaint.

## PARTIES

4.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore deny them.

5.     The Examiner defendants admit, upon information and belief, the allegations contained in Paragraph 5 of the Complaint.

6.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore deny them.

7.     In response to the allegations contained in Paragraph 7 of the Complaint, the Examiner defendants admit, upon information and belief, that defendant Stanley Jackson served as Acting President of defendant University of the District of Columbia ("UDC"), and that later Allen L. Sessoms became President of UDC.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore deny them.

8.     In response to the allegations contained in Paragraph 8 of the Complaint, the Examiner defendants admit, upon information and belief, that defendant Wilmer Johnson was employed by UDC.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore deny them.

9.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore deny them.

10.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore deny them.

11.     In response to the allegations contained in Paragraph 11 of the Complaint, defendant Examiner.com admits, and defendants Jonetta Rose Barras ("Barras") and Bill Myers ("Myers") admit upon information and belief, that Examiner.com, also known as Clarity Digital Group, LLC, is a limited liability company with a place of business in Denver, Colorado and that Examiner.com operates an Internet website available at www.examiner.com that is accessible in various versions throughout the United States (the "Examiner.com Website"). The Examiner defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.     In response to the allegations contained in Paragraph 12 of the Complaint, defendant Examiner.com admits, and defendants Barras and Myers admit upon information and belief, that Examiner.com operates the Examiner.com Website. The content of the Examiner.com Website at any given time speaks for itself, such that no response to plaintiff's characterization of the Examiner.com Website is required. To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.     In response to the allegations contained in Paragraph 13 of the Complaint, the Examiner defendants admit that defendant Barras is a resident and citizen of Washington, D.C.

The Examiner defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.     The Examiner defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint set forth conclusions of law, to which no response is required.  To the extent a response is required, the Examiner defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     The allegations contained in Paragraph 16 of the Complaint set forth conclusions of law, to which no response is required.  To the extent a response is required, the Examiner defendants deny the allegations contained in Paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17.     The Examiner defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     The Examiner defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore deny them.

20.     In response to the allegations contained in Paragraph 20 of the Complaint, the Examiner defendants admit, upon information and belief, that defendant Stanley Jackson served as Acting President of defendant UDC.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and therefore deny them.

21.     In response to the allegations contained in Paragraph 21 of the Complaint, the Examiner defendants admit, upon information and belief, that defendant Wilmer Johnson was employed by UDC.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and therefore deny them.

22.     In response to the allegations contained in Paragraph 22 of the Complaint, the Examiner defendants admit, upon information and belief, that defendant Johnnie Landon was employed by UDC.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and therefore deny them.

23.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore deny them.

24.     In response to the allegations contained in the first sentence of Paragraph 24 of the Complaint, defendant Examiner.com admits, and defendants Barras and Myers admit upon information and belief, that Examiner.com, also known as Clarity Digital Group, LLC, is a limited liability company with a place of business in Denver, Colorado.  In response to the allegations contained in the second sentence of Paragraph 24 of the Complaint, defendant Examiner.com admits, and defendants Barras and Myers admit upon information and belief, that Examiner.com operates the Examiner.com Website and that the Examiner.com Website is accessible in various versions throughout the United States.  In response to plaintiff's characterizations of the Examiner.com Website, the Examiner defendants state that the content of the Examiner.com Website at any given time speaks for itself, such that no response is required.

The Examiner defendants deny all remaining allegations contained in Paragraph 24 of the Complaint.

25.     In response to the allegations contained in Paragraph 25 of the Complaint purporting to characterize the content of the Examiner.com Website, the Examiner defendants state that the content of Examiner.com Website at any given time speaks for itself, such that no response is required.  To the extent a response is required, the Examiner defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     In response to the allegations contained in Paragraph 26 of the Complaint, the Examiner defendants admit that the Examiner.com Website is available to residents of Virginia and that the Examiner.com Website may include content contributed by residents of Virginia. The Examiner defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.     The Examiner defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     The Examiner defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 of the Complaint set forth conclusions of law, to which no response is required.  To the extent a response is required, the Examiner defendants deny the allegations contained in Paragraph 29 of the Complaint.

## **BACKGROUND**

30.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore deny them.

31.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore deny them.

32.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore deny them.

33.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore deny them.

34.     In response to the allegations contained in Paragraph 34 of the Complaint, the Examiner defendants admit that plaintiff served as Provost and Vice President of Academic Affairs for defendant UDC and, upon information and belief, admit that as Provost and Vice President of Academic Affairs, plaintiff reported directly to then-President of UDC, William Pollard.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint, and therefore deny them.

35.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore deny them.

36.     In response to the allegations contained in Paragraph 36 of the Complaint, the Examiner defendants admit, upon information and belief, that plaintiff was offered a $10,000 signing bonus to become Provost and Vice President of Academic Affairs for UDC.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 36 of the Complaint, and therefore deny them.

37.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore deny them.

38.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore deny them.

39.     The Examiner defendants admit, upon information and belief, that a controversy arose concerning the fact that plaintiff did not have a Ph.D. and that she and her husband, Edmund Cooke, had a personal connection to then-UDC President William L. Pollard.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore deny them.

40.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore deny them.

41.     In response to the allegations contained in Paragraph 41 of the Complaint, the Examiner defendants admit, upon information and belief, that the D.C. Board of Elections and Ethics issued a report regarding the hiring of plaintiff as Provost of UDC, the content of which speaks for itself, such that no response to plaintiff's characterization of the report is required.  To the extent a response is required, the Examiner defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     In response to the allegations contained in Paragraph 42 of the Complaint, the Examiner defendants admit, upon information and belief, that the D.C. Board of Elections and Ethics issued a report regarding the hiring of plaintiff as Provost of UDC, the content of which report speaks for itself, such that no response to plaintiff's characterization of the report is required.  To the extent a response is required, the Examiner defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore deny them.

44.     The Examiner defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore deny them.

46.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore deny them.

47.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore deny them.

48.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore deny them.

49.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore deny them.

50.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore deny them.

51.     In response to the allegations contained in Paragraph 51 of the Complaint, the Examiner defendants admit, upon information and belief, that William Pollard was terminated as President of UDC on or about June 30, 2007.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the Complaint, and therefore deny them.

52.     In response to the allegations contained in Paragraph 52 of the Complaint, the Examiner defendants admit, upon information and belief, that defendant Stanley Jackson served variously as Chief of Staff for the President, Chief Operating Officer, and Acting President of defendant UDC.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint, and therefore deny them.

53.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore deny them.

54.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore deny them.

55.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore deny them.

56.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore deny them.

57.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore deny them.

58.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and therefore deny them.

59.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore deny them.

60.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore deny them.

61.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore deny them.

62.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and therefore deny them.

63.     In response to the allegations contained in the first sentence of Paragraph 63 of the Complaint, the Examiner defendants admit that the UDC faculty senate sent a letter dated September 27, 2007 to District of Columbia Mayor Adrian Fenty, the content of which speaks for itself, such that no response to plaintiff's characterization of the letter is required.  To the extent that a response is required, the Examiner defendants deny the remaining allegations contained in the first sentence of Paragraph 63 of the Complaint.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 63 of the Complaint, and therefore deny them.

64.     In response to the allegations contained in Paragraph 64 of the Complaint, the Examiner defendants admit that, during October 2007, articles regarding UDC were published on the Examiner.com Website, the content of which articles speak for themselves, such that no response to plaintiff's characterizations of them is required.  To the extent that a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 64 of the Complaint.

65.     The Examiner defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     In response to the allegations contained in Paragraph 66 of the Complaint, the Examiner defendants admit, upon information and belief, that a news report dated October 23, 2007 regarding UDC was published on www.WUSA9.com.  The content of the news report speaks for itself, such that no response is required to the remaining allegations contained in

Paragraph 66 of the Complaint.  To the extent that a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 66 of the Complaint, and further deny any legal responsibility for the contents of www.WUSA9.com.

67.     In response to the allegations contained in Paragraph 67 of the Complaint, the Examiner defendants admit that a news report dated October 22, 2007 regarding UDC was published on the Examiner.com Website under the byline of defendant Myers.  The content of the news report speaks for itself, such that no response is required to the remaining allegations contained in Paragraph 67 of the Complaint characterizing that news report.  To the extent that a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 67 of the Complaint.

68.     In response to the allegations contained in Paragraph 68 of the Complaint, the Examiner defendants admit that a news report dated October 24, 2007 regarding UDC was published on the Examiner.com Website under the byline of defendant Myers and with a credit to defendant Barras as a contributor.  The content of the news report speaks for itself, such that no response is required to the remaining allegations contained in Paragraph 68 of the Complaint characterizing that news report.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.     In response to the allegations contained in Paragraph 69 of the Complaint, the Examiner defendants state that the content of the news report dated October 24, 2007 speaks for itself, such that no response to plaintiff's characterization of that news report is required.  To the extent a response is required, the Examiner defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     The Examiner defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     In response to the allegations contained in Paragraph 71 of the Complaint, the Examiner defendants admit that a column by defendant Barras dated October 25, 2007 regarding UDC was published on the Examiner.com Website.  The content of the column speaks for itself, such that no response is required to the remaining allegations contained in Paragraph 71 of the Complaint characterizing that column.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

72.     In response to the allegations contained in Paragraph 72 of the Complaint, the Examiner defendants state that the content of the column dated October 25, 2007 speaks for itself, such that no response to plaintiff's characterization of that column is required.  To the extent a response is required, the Examiner defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     In response to the allegations contained in Paragraph 73 of the Complaint, the Examiner defendants state that the content of the column dated October 25, 2007 speaks for itself, such that no response to plaintiff's characterization of that column is required.  To the extent a response is required, the Examiner defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, and therefore deny them.

75.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore deny them.

76.     In response to the allegations contained in Paragraph 76 of the Complaint, the Examiner defendants admit that a news report dated October 29, 2007 regarding UDC was published on the Examiner.com Website under the byline of defendant Myers and with a credit to defendant Barras as a contributor.   The content of the news report speaks for itself, such that no response is required to the remaining allegations contained in Paragraph 76 of the Complaint characterizing that news report.   To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 76 of the Complaint.

77.     The Examiner defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore deny them.

79.     The Examiner defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     In response to the allegations contained in Paragraph 80 of the Complaint, the Examiner defendants admit, upon information and belief, that some of the funds attributed to a UDC teacher training program were unspent.   The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 of the Complaint, and therefore deny them.

81.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, and therefore deny them.

82.     In response to the allegations contained in Paragraph 82 of the Complaint, the Examiner defendants deny that any of the articles published on Examiner.com regarding the matters at issue in this case were "false and defamatory."  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 82 of the Complaint, and therefore deny them.

83.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint, and therefore deny them.

84.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint, and therefore deny them.

85.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore deny them.

86.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint, and therefore deny them.

87.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and therefore deny them.

88.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and therefore deny them.

89.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and therefore deny them.

90.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint, and therefore deny them.

91.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, and therefore deny them.

92.     The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, and therefore deny them.

93.     In response to the allegations contained in Paragraph 93 of the Complaint, the Examiner defendants admit that the District of Columbia Council held a hearing on November 27, 2007 regarding UDC, and state that the participants' testimony at that hearing speaks for itself such that no response is required.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 93 of the Complaint.

94.     In response to the allegations contained in Paragraph 94 of the Complaint, the Examiner defendants admit that the District of Columbia Council held a hearing on

November 27, 2007 regarding UDC, and state that the participants' testimony at that hearing speaks for itself such that no response is required.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 94 of the Complaint.

95.     In response to the allegations contained in Paragraph 95 of the Complaint, the Examiner defendants admit that the District of Columbia Council held a hearing on November 27, 2007 regarding UDC, and state that the participants' testimony at that hearing speaks for itself such that no response is required.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 95 of the Complaint.

96.     In response to the allegations contained in Paragraph 96 of the Complaint, the Examiner defendants admit that the District of Columbia Council held a hearing on November 27, 2007 regarding UDC, and state that the participants' testimony at that hearing speaks for itself such that no response is required.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 96 of the Complaint.

97.     In response to the allegations contained in Paragraph 97 of the Complaint, the Examiner defendants admit that the District of Columbia Council held a hearing on November 27, 2007 regarding UDC, and state that the participants' testimony at that hearing speaks for itself such that no response is required.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 97 of the Complaint.

98.     In response to the allegations contained in Paragraph 98 of the Complaint, the Examiner defendants admit that the District of Columbia Council held a hearing on November 27, 2007 regarding UDC, and state that the participants' testimony at that hearing speaks for itself such that no response is required.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 98 of the Complaint.

99.     The Examiner defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    In response to the allegations of Paragraph 100 of the Complaint, the Examiner defendants admit, upon information and belief, that UDC terminated plaintiff from her position as Provost and Vice President of Academic Affairs.  The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 of the Complaint, and therefore deny them.

## COUNT ONE –
## DEFAMATION AND DEFAMATION *PER SE*
### (against all Defendants)

101.    The Examiner defendants' response to paragraphs 1 through 100 of the Complaint are hereby incorporated by reference as if fully set forth herein.

102.    In response to the allegations of Paragraph 102 of the Complaint, the Examiner defendants admit that articles and columns regarding UDC were published on the Examiner.com Website during October 2007, to the extent admitted above.  The Examiner defendants deny the remaining allegations contained in Paragraph 102 of the Complaint.

103.    The Examiner defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    The Examiner defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    The Examiner defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    The Examiner defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    The Examiner defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    The Examiner defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    The Examiner defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    In response to the allegations of Paragraph 110 of the Complaint, the Examiner defendants admit that articles and columns regarding UDC were published on the Examiner.com Website during October 2007, to the extent admitted above.  The Examiner defendants deny the remaining allegations contained in Paragraph 110 of the Complaint.

111.    In response to the allegations contained in Paragraph 111 of the Complaint, the Examiner defendants admit that the District of Columbia Council held a hearing on November 27, 2007 regarding UDC, and state that the participants' testimony at that hearing speaks for itself such that no response is required.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 111 of the Complaint.

112.   In response to the allegations contained in Paragraph 112 of the Complaint, the Examiner defendants admit that the District of Columbia Council held a hearing on November 27, 2007 regarding UDC, and state that the participants' testimony at that hearing speaks for itself such that no response is required.  To the extent a response is required, the Examiner defendants deny the remaining allegations contained in Paragraph 112 of the Complaint.

113.   The Examiner defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.   The Examiner defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.   The Examiner defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.   The Examiner defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.   The Examiner defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.   The Examiner defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.   The Examiner defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.   The Examiner defendants deny the allegations contained in Paragraph 120 of the Complaint.

### COUNT TWO –
### TORTIOUS INTERFERENCE WITH CONTRACTUAL
### RELATIONS AND BUSINESS EXPECTANCIES
### (against Stanley Jackson)

121.    The Examiner defendants' response to paragraphs 1 through 120 of the Complaint are hereby incorporated by reference as if fully set forth herein.

122.    The allegations contained in Paragraph 122 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint, and therefore deny them.

123.    The allegations contained in Paragraph 123 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint, and therefore deny them.

124.    The allegations contained in Paragraph 124 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint, and therefore deny them.

125.    The allegations contained in Paragraph 125 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge

sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint, and therefore deny them.

126.    The allegations contained in Paragraph 126 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint, and therefore deny them.

127.    The allegations contained in Paragraph 127 of the Complaint are not asserted against the Examiner defendants, such that no response is required.

128.    The allegations contained in Paragraph 128 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint, and therefore deny them.

129.    The allegations contained in Paragraph 129 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint, and therefore deny them.

## COUNT THREE –
## COMMON LAW CONSPIRACY
### (against Stanley Jackson, Wilmer Johnson, Johnnie Landon and Sydney Hall)

130.    The Examiner defendants' response to paragraphs 1 through 129 of the Complaint are hereby incorporated by reference as if fully set forth herein.

131.    The allegations contained in Paragraph 131 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint, and therefore deny them.

132.    The allegations contained in Paragraph 132 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint, and therefore deny them.

133.    The allegations contained in Paragraph 133 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint, and therefore deny them.

134.    The allegations contained in Paragraph 134 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint, and therefore deny them.

135.    The allegations contained in Paragraph 135 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge

sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint, and therefore deny them.

136.    The allegations contained in Paragraph 136 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint, and therefore deny them.

137.    The allegations contained in Paragraph 137 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint, and therefore deny them.

## COUNT FOUR–CONVERSION
### (against UDC)

138.    The Examiner defendants' response to paragraphs 1 through 137 of the Complaint are hereby incorporated by reference as if fully set forth herein.

139.    The allegations contained in Paragraph 139 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint, and therefore deny them.

140.    The allegations contained in Paragraph 140 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge

sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint, and therefore deny them.

141.     The allegations contained in Paragraph 141 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint, and therefore deny them.

142.     The allegations contained in Paragraph 142 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint, and therefore deny them.

143.     The allegations contained in Paragraph 143 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint, and therefore deny them.

## COUNT FIVE–
## VIOLATION OF THE EQUAL PAY ACT
### (against UDC)

144.     The Examiner defendants' response to paragraphs 1 through 143 of the Complaint are hereby incorporated by reference as if fully set forth herein.

145.     The allegations contained in Paragraph 145 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is

required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint, and therefore deny them.

146.    The allegations contained in Paragraph 146 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint, and therefore deny them.

147.    The allegations contained in Paragraph 147 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Complaint, and therefore deny them.

148.    The allegations contained in Paragraph 148 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint, and therefore deny them.

149.    The allegations contained in Paragraph 149 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint, and therefore deny them.

150.    The allegations contained in Paragraph 150 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint, and therefore deny them.

**COUNT SIX–**
**NEGLIGENT RETENTION OF EMPLOYEE**
**(against UDC)**

151.    The Examiner defendants' response to paragraphs 1 through 150 of the Complaint are hereby incorporated by reference as if fully set forth herein.

152.    The allegations contained in Paragraph 152 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint, and therefore deny them.

153.    The allegations contained in Paragraph 153 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint, and therefore deny them.

154.    The allegations contained in Paragraph 154 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge

sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Complaint, and therefore deny them.

155.    The allegations contained in Paragraph 155 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint, and therefore deny them.

156.    The allegations contained in Paragraph 156 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint, and therefore deny them.

157.    The allegations contained in Paragraph 157 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint, and therefore deny them.

158.    The allegations contained in Paragraph 158 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint, and therefore deny them.

159.     The allegations contained in Paragraph 159 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint, and therefore deny them.

160.     The allegations contained in Paragraph 160 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint, and therefore deny them.

161.     The allegations contained in Paragraph 161 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint, and therefore deny them.

162.     The allegations contained in Paragraph 162 of the Complaint are not asserted against the Examiner defendants, such that no response is required.  To the extent a response is required, the Examiner defendants state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint, and therefore deny them.

## COUNT SEVEN–
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
### (against all Defendants)

163.    The Examiner defendants' response to paragraphs 1 through 162 of the Complaint are hereby incorporated by reference as if fully set forth herein.

164.    The Examiner defendants deny the allegations contained in Paragraph 164 of the Complaint.

165.    The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Complaint, and therefore deny them.

166.    The Examiner defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.    The Examiner defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.    The Examiner defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.    The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint, and therefore deny them.

170.    The Examiner defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.    The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint, and therefore deny them.

172.    The Examiner defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.    The Examiner defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.    The Examiner defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    The Examiner defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.    The Examiner defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint, and therefore deny them.

177.    The Examiner defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.    The Examiner defendants deny the allegations contained in Paragraph 178 of the Complaint.

## PRAYER FOR RELIEF

179.    The Examiner defendants deny that plaintiff is entitled to any of the relief requested in the unnumbered paragraph of the Complaint following this heading, including without limitation subparagraphs (a) through (c) thereof, or any other relief.

180.    The Examiner defendants deny each and every allegation of the Complaint not specifically admitted herein.

## DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The publications at issue are not reasonably capable of the defamatory meaning that plaintiff ascribes to them.

### Third Defense

The publications at issue cannot reasonably be understood as statements of fact that are of and concerning the plaintiff.

### Fourth Defense

To the extent the publications at issue can reasonably be understood as statements of fact of and concerning the plaintiff, the statements are true or substantially true and plaintiff therefore cannot carry her burden of proving that the publications are false.

### Fifth Defense

The publications at issue are privileged under the First and Fourteenth Amendments to the Constitution of the United States and applicable federal and District of Columbia law.

### Sixth Defense

The publications at issue are privileged under the Constitution of the Commonwealth of Virginia and applicable Virginia law.

### Seventh Defense

The publications at issue constitute privileged fair and accurate reports of official reports or proceedings.

### Eighth Defense

The publications at issue constitute privileged fair comment or reports on matters of public interest and concern.

### Ninth Defense

The publications at issue are privileged as statements of opinion concerning an ongoing matter of public controversy.

### Tenth Defense

At all times relevant to the Complaint, plaintiff was a public official, a public figure, and/or a limited purpose public figure, and the plaintiff cannot prove by clear and convincing evidence that the Examiner defendants published actionable statements with actual malice.

### Eleventh Defense

The publications at issue all related to matters of substantial public interest and concern.

### Twelfth Defense

The Examiner defendants acted without malice both in the constitutional sense and the common law sense in all of their conduct relevant hereto.

### Thirteenth Defense

The Examiner defendants acted without the requisite scienter both in the constitutional sense and in the common law sense in all of their conduct relevant hereto.

### Fourteenth Defense

The Examiner defendants acted without fault as required by the Constitution in all of their conduct relevant hereto.

### Fifteenth Defense

Plaintiff's claims are barred by considerations of public policy.

## Sixteenth Defense

The Examiner defendants were legally justified in all of their conduct placed at issue by the Complaint.

## Seventeenth Defense

The conduct of the Examiner defendants was not extreme or outrageous.

## Eighteenth Defense

Plaintiff did not suffer severe emotional distress.

## Nineteenth Defense

Plaintiff's claims are barred, in whole or in part, by the incremental harm doctrine.

## Twentieth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## Twenty-First Defense

Plaintiff has not suffered any actual injury.

## Twenty-Second Defense

The publications at issue were not the proximate cause of any injury to plaintiff.

## Twenty-Third Defense

To the extent that plaintiff has sustained any injuries, such injuries are due to the conduct of plaintiff or third persons over whom the Examiner defendants had no control.

## Twenty-Fourth Defense

Plaintiff has failed to mitigate her damages as required by law.

### Twenty-Fifth Defense

By reason of the First and Fourteenth Amendments to the Constitution of the United States, the Examiner defendants are immune from liability for punitive damages under the circumstances alleged in the Complaint.

### Twenty-Sixth Defense

Plaintiff has failed to allege facts sufficient to warrant the imposition of exemplary or punitive damages under applicable law.

### Twenty-Seventh Defense

Any award for noneconomic damages may not exceed the limitation set forth under District of Columbia law and/or under Virginia law, including without limitation in Virginia Code § 8.01-38.1.

WHEREFORE, the Examiner defendants request that the Court enter judgment in their

favor and against plaintiff, award the Examiner defendants their costs, and grant to the Examiner

defendants such other and further relief as the Court may deem just.

Dated: January 16, 2009     Respectfully submitted,

           LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.


           By:  /s/ John B. O'Keefe    
              John B. O'Keefe, Va. Bar. No. 71326

           1050 Seventeenth Street, N.W., Suite 800
           Washington, DC  20036-5514
           Telephone:  (202) 508-1100
           Facsimile:  (202) 861-9888
           Email: jokeefe@lskslaw.com

Of counsel (pro hac vice applications pending):
Thomas B. Kelley (tkelley@lskslaw.com)
Seth D. Berlin (sberlin@lskslaw.com)
Adam J. Rappaport (arappaport@lskslaw.com)
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 Seventeenth Street, N.W., Suite 800
Washington, DC  20036-5514
Telephone:  (202) 508-1100
Facsimile:  (202) 861-9888

          *Counsel for Defendants Examiner.com,*
          *Jonetta Rose Barras and Bill Myers*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of January 2009, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a notification of such filing

(NEF) to the following:

Elaine C. Bredehoft
Kathleen Zahorik Quill
Charlson Bredehoft & Cohen, PC
11260 Roger Bacon Dr.
Suite 201
Reston, VA 20190
Email: ebredehoft@cbc-law.com
Email: kquill@cbc-law.com

*Counsel for plaintiff*

Thomas Louis Koger
Office of the Corporation Counsel, D.C.
441 Fourth Street, NW
Room 6S045
Washington, DC 20001
Email: thomas.koger@dc.gov

*Counsel for defendants Board of Trustees of the University of the District of Columbia and Stanley Jackson*

Richard Cyril Sullivan, Jr.
Reed Smith LLP
3110 Fairview Park Dr
Suite 1400
Falls Church, VA 22042
Email: rsullivan@reedsmith.com

*Counsel for defendant Jonetta Rose Barras*

And I hereby certify that I have mailed the document by U.S. mail to the following non-

filing users:

Wilmer L. Johnson
3301 Beret Lane
Silver Spring, MD 20906

Johnnie A. Landon, Jr.
4401-A Connecticut Ave., NW, #286
Washington, DC 20008

Sydney Hall
1431 Iris Street, NW
Washington, DC 20012

  /s/ John B. O'Keefe
John B. O'Keefe, Va. Bar. No. 71326
Levine Sullivan Koch & Schulz, L.L.P.
1050 Seventeenth Street, N.W., Suite 800
Washington, DC  20036-5514
Telephone:  (202) 508-1100
Facsimile:  (202) 861-9888
Email: jokeefe@lskslaw.com

*Counsel for defendants Examiner.com, Bill Myers, and Jonetta Rose Barras*